**UNITED STATES of America,**
**Plaintiff—Appellant,**

v.

**McCarthy Ocaya CARTER,**
**Defendant—Appellee.**

No. 04–10300.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 11, 2005.

Decided May 31, 2005.

Marivic P. David, Assistant U.S. Attorney, U.S. Attorney's Office, Hagatna, GU, for Plaintiff–Appellant.

Howard Trapp, Esq., Hagatna, GU, for Defendant–Appellee.

Before: D.W. NELSON, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM *

The United States appeals the district court's decision to grant Carter's motion to suppress evidence seized from his residence and incriminating statements made thereafter. The sole question in this appeal is whether the warrantless search of Carter's home violated the Fourth Amendment. We reverse in part and remand.

With respect to the methamphetamine found in Carter's pocket, no search warrant was necessary and this evidence is admissible. When Carter answered the door with what appeared to be a gun in his hands, the officers had the right to detain him and frisk him for weapons. Thus, regardless whether the probation officers were at Carter's house to conduct a legiti-

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

mate search, the drugs and currency found on Carter's person are admissible. *See Terry v. Ohio*, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).

With respect to the rest of the evidence seized from Carter's residence, the admissibility turns on whether Carter consented to the search. The government argues that Carter consented to the search by answering in the affirmative when asked if he consented to a search of his house. However, the district court found that Carter's oral consent given at the time of the search was an acquiescence to a claim of lawful authority and, as such, was involuntary. *See Bumper v. North Carolina*, 391 U.S. 543, 548, 88 S.Ct. 1788, 20 L.Ed.2d 797 (1968). This finding was not clearly erroneous, although it does not prevent the district court on remand from determining that the search was valid if the district court finds that Carter voluntarily consented to the search by signing the probation agreement during his intake interview.

The government argues that Carter consented to the search by signing a form at his probation intake interview which stated: "You shall permit your probation officer to visit or search your place of residence at reasonable times." Carter argues that because this form was not authorized by the court, it can have no effect. However, this argument misses the point. Regardless whether the search term was ordered by the court, the relevant inquiry is whether Carter's consent to these additional conditions was voluntary. The court might well have concluded that the presence of Carter's signature on the form provided sufficient evidence of voluntariness. There is no mention of any evidence of fraud, coercion—express or implied—or duress, which may have caused his signature.

Unfortunately, the district court made no explicit factual finding with respect of the voluntariness of Carter's consent to this form. We did not observe the witnesses and cannot substitute our view of the evidence for that of the district court. *See United States v. Carbajal*, 956 F.2d 924, 930–31 (9th Cir.1992) ("[I]t would be violative of Rule 12(e) for this court to make a factual finding, in the first instance, that [defendant's] consent was voluntary or involuntary. That determination must be made by the district court."). Accordingly, we remand to the district court for a factual finding on whether Carter's consent to the search term in the probation agreement was voluntary.

**REVERSED in part and REMANDED.**